USDC SDNY DOCUMENT ELECTRONICALLY FILED DATE FILED: DEC 06 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PETER PHILLIPS p/k/a PETE ROCK,

                    Plaintiff,

  -against-

AUDIO ACTIVE LIMITED t/a BARELY
BREAKING EVEN, et al.,

                    Defendants.
------------------------------------------------------------x

05 Civ. 897 (GBD)
MEMORANDUM OPINION
& ORDER

DANIELS, DISTRICT JUDGE.

      Plaintiff Peter Phillips, who has worked as a musician, composer, and producer under the name Pete Rock, brings this action against defendants Audio Active Limited t/a Barely Breaking Even ("BBE"), Studio Distribution, Navarre Corporation, Sandbox Automatic, Inc., and HipHopSite.com.[1] Phillips alleges breach of a recording contract by BBE, and direct and contributory copyright infringement, unjust enrichment, and unfair competition by all defendants. He claims that BBE breached the recording contract by failing to pay him $35,000 upon completion of the album contemplated by the contract, and that all defendants engaged in the production and sale of a second album which was not covered by the contract.

      According to the First Amended Complaint, plaintiff alleges that he and BBE signed a recording contract in September 2002, under which Phillips agreed to provide "his exclusive services as a recording artist to Defendant BBE and was obligated to compose no less than ten 'newly recorded and previously unreleased tracks ("master recordings")'". First Am. Compl. ¶ 25. The recording contract gave BBE "the right to manufacture, distribute, sell, commercialize

---

[1] HipHopSite.com settled Phillips' claims against it, and those claims were dismissed with prejudice on May 3, 2005.

and otherwise exploit the compositions." Id. ¶ 28. Plaintiff assigned the copyright in the master recordings to BBE in return for royalty payments. BBE agreed to pay the costs associated with production and recording, and also to advance Phillips $90,000 in two payments: $55,000 upon execution of the contract, and $35,000 upon delivery of the master recordings. Id. ¶¶ 28-29. Plaintiff alleges that BBE delivered the first payment to Phillips after he signed the contract, but failed to make the required second payment after it received the master recordings. Id. ¶ 29. BBE released the master recordings as the album "Sole Survivor 2." Id. ¶ 33.

At the time plaintiff was producing and recording the songs which would eventually become "Sole Survivor 2," he produced other tracks which were not included on the album. Phillips felt that these songs were not ready for release. Id. ¶¶ 36-37. Plaintiff alleges that in August or September of 2004 representatives of defendant BBE and/or Studio Distribution contacted his manager and requested permission to commercially release his unfinished and unmixed compositions and that his manager informed those representatives that plaintiff "would not give them permission to release" those tracks. Id. ¶¶ 39-40. Plaintiff further alleges that "[r]epresentatives of [d]efenant BBE tried to force [p]laintiff's approval by insisting that the [r]ecording [c]ontract gave them permission to release any compositions...[p]laintiff created during the term of the [r]ecording [c]ontract." Id. ¶ 41. Over plaintiff's alleged objections, BBE, Studio Distribution, and Navarre manufactured and distributed a second album comprised of the unfinished tracks. Id. ¶¶ 39-46. Defendant Sandbox distributed and sold on its website copies of this second album which were distributed to it by BBE and Studio Distribution. Id. ¶ 47.

Defendants BBE and Studio Distribution filed a motion to dismiss the complaint contending that the forum selection clause contained in the recording contract is mandatory, and

that this Court therefore lacks jurisdiction under Fed. R. Civ. P. 12(b)(3). The forum selection clause in the recording contract states: "The validity[,] construction[,] and effect of this agreement and any or all modifications hereof shall be governed by English Law and any legal proceedings that may arise out of it are to be brought in England." First Am. Compl. Ex. B ¶ 15.

Clauses which contain the word "shall" generally are held to be mandatory. See, e.g., AVC Nederland B.V. v. Atrium Inv. P'ship, 740 F.2d 148, 155 (2d Cir. 1984) (holding a clause stating disputes "shall be decided and determined by the competent court at Utrecht" to be "more than a jurisdiction-conferring clause"); Baosteel America, Inc. v. M/V "OCEAN LORD", 257 F. Supp. 2d 687, 689 (S.D.N.Y. 2003) (deeming a clause stating that disputes "shall be settled in the flag-state of the ship" mandatory); see also John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors Inc., 22 F.3d 51, 53 (2d Cir. 1994). The clause in this contract is a mandatory forum selection clause. See, e.g., School-Link Technologies, Inc. v. Applied Resources, Inc., 2005 WL 1799259, *3 (D. Kan. 2005) (holding that a forum selection clause providing that "[a]ny and all actions, claims or lawsuits arising from this Agreement are to be brought in Los Angeles, California" contains "clear language showing that venue is appropriate only in California" and is therefore a mandatory forum selection clause). Mandatory forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9-10 (1972). Plaintiff has failed to demonstrate that enforcement of the instant forum selection clause is "unreasonable." The instant clause must therefore be enforced.

Accordingly, the motion to dismiss the complaint for improper venue is granted.

Dated: New York, New York
November 30, 2005

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge